IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES MILLER,                  )
                               )
       Plaintiff,          )
                               )
       v.                  )      1:13CV992
                               )
AVERY MITCHELL CORR. INST.,    )
                               )
       Defendant(s).       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a Letter alleging that he was placed in segregated confinement at Avery Mitchell Correctional Institution for disciplinary reasons and that, while in that confinement, he was subjected to harsh and potentially dangerous conditions. He seeks an attorney and an investigation by the State Bureau of Investigation, as well as the preservation of certain evidence. The Letter appears nearly identical to a prior letter submitted by Plaintiff in case 1:12CV1335. The Court treated the prior Letter as an attempted Complaint under 42 U.S.C. § 1983, but dismissed the case based on several deficiencies. Those same deficiencies are present here. As explained to Plaintiff in the earlier case, this Court does not conduct investigations or direct investigations by state agencies. If Plaintiff wishes that an investigation be conducted, he must contact the proper authorities himself. Further, the Court cannot act based on a letter. Instead, Plaintiff must file a proper action. Plaintiff's purpose in submitting the current Letter without fixing any of the deficiencies listed in the prior case is not clear. However,

as with the last Letter, the Court will treat the current submission as a Complaint under § 1983, but recommend that it be dismissed because:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

3. Plaintiff states that he has not exhausted available administrative remedies by filing prison grievances, but that he intends to do so in the future. Exhaustion is required before Plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731 (2001). The failure to exhaust is clear from the face of the Complaint.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. As with the last case, to the extent Petitioner chooses to file a new Complaint, the Court also notes that it appears that the potential Defendants in the case are located at Avery Mitchell Correctional Institution which is located in the Western District of North Carolina. The events Plaintiff appears to challenge in the Complaint are alleged to have occurred there as well. Therefore, it appears that venue would be proper in that District, and Petitioner may obtain forms and instructions from the Clerk's Office for filing in that District. See 28 U.S.C. § 1391(b). The address is: Room 210, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202.[1] Plaintiff can renew his requests for

---

[1] If Plaintiff chooses to re-file his complaint in this District because he believes certain Defendants
(continued...)

counsel and the preservation of evidence as part of filing a proper Complaint in the correct district. Plaintiff should not simply file the same or a similar letter in this Court.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, as noted above.

This, the 14th day of November, 2013.

                 /s/ Joi Elizabeth Peake
                 United States Magistrate Judge

---

[1](...continued)
are located here or because events which he contends violated his rights did occur in this District, he should seek the proper forms from the Clerk in this District, correct all of the matters noted above, and also include a statement addressing the proper venue in this case, for the Court's consideration in determining whether this case must be transferred to the Western District of North Carolina pursuant to 28 U.S.C. § 1406.